UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY KRUTZ, ET AL. | CIVIL ACTION |
| VERSUS | NO. 20-1722 |
| HUNTINGTON INGALLS INC., ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is plaintiffs' consent motion[1] regarding Hopeman Brothers, Inc.'s ("Hopeman") *Daubert* motion to preclude certain testimony by plaintiffs' expert, Barry Castleman.[2] Plaintiffs' motion is unopposed.[3] The Court considers the motion below.

On July 30, 2021, defendant Hopeman filed a *Daubert* motion seeking to exclude "Hopeman-specific testimony from Plaintiffs' State-of-the-Art Expert, Barry Castleman."[4] In its *Daubert* motion, defendant argued that plaintiffs' expert made factually inaccurate statements regarding Hopeman's connection to Johns Manville, the manufacturer of marinite core, a component of the wallboard panels Hopeman installed, some of which

---

[1] R. Doc. 194.
[2] R. Doc. 176.
[3] R. Doc. 194 at 1.
[4] R. Doc. 176 at 1.

contained asbestos.[5] Plaintiffs did not file an opposition to Hopeman's *Daubert* motion. Instead, plaintiffs filed the present consent motion, representing that the parties have stipulated to a resolution of defendant's motion.[6] To that end, the parties submit a proposed order, granting in part and denying in part defendant's *Daubert* motion regarding the testimony of Barry Castleman.[7]

Considering the foregoing, the Court GRANTS plaintiffs' consent motion,[8] and thereby GRANTS in part defendant's *Daubert* motion[9] to exclude portions of Mr. Castleman's expert testimony and to strike corresponding sections from his expert report.

Accordingly, it is ORDERED that Mr. Castleman shall not be permitted to testify at trial about the following allegations: (a) that Hopeman was a government contractor, (b) that Hopeman was a contractor for Johns Manville, (c) that Hopeman and Johns Manville had a legal or contractual relationship other than as buyer and seller, and (d) that Hopeman's lawyers met with Johns Manville and were involved in creating warning labels that Johns Manville placed on its products. It is FURTHER ORDERED that any

---

5    R. Docs. 176-1 at 3-6 & 171-1 ¶¶ 4-6.
6    R. Doc. 194.
7    R. Doc. 194-1.
8    R. Doc. 194.
9    R. Doc. 176.

statements in Mr. Castleman's expert report regarding the above subjects shall be stricken from the report.  To the extent that defendant's *Daubert* motion seeks relief other than the exclusions enumerated above, the motion is DENIED.

New Orleans, Louisiana, this __25th__ day of August, 2021.

                    _____
                               SARAH S. VANCE
                      UNITED STATES DISTRICT JUDGE