UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY KRUTZ, ET AL. | CIVIL ACTION |
| VERSUS | NO. 20-1722 |
| HUNTINGTON INGALLS INC., ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is defendant Bayer CropScience, Inc. as successor to Rhone-Poulenc AG Company, f/k/a Amchem Products, Inc., f/k/a Benjamin Foster Company's ("Amchem") motion for summary judgment.[1]  Plaintiffs do not oppose the motion.  Because there is no genuine dispute as to a material fact, and because defendant is entitled to a judgment as a matter of law, the Court grants defendant's motion.

## I.   BACKGROUND

This case arises out of decedent Gary Krutz's asbestos exposure in the course of his employment with Avondale.  In a deposition, Krutz testified that he began working for Avondale in 1968 as an "interior communications

---

1   R. Doc. 170.

electrician."[2] Krutz testified that, during his forty-year career with Avondale, he worked on almost every vessel Avondale built, including commercial vessels and naval vessels.[3]  He testified that his responsibilities included installation, maintenance, and repair of electrical cable components throughout the ships.[4]  Krutz also testified that he suffered asbestos exposures on numerous occasions while working for Avondale.[5]  He described the asbestos as "snow" that "floats all over the place."[6]

In December 2019, Krutz was diagnosed with mesothelioma.[7] Krutz filed a lawsuit in state court on April 29, 2020.[8]  He alleged claims for negligence under Louisiana law against a number of defendants, including Amchem, as one of the alleged asbestos manufactures.[9]  The case was removed to this Court on June 15, 2020.[10]  During the pendency of this action, on November 9, 2020, Krutz died, allegedly as a result of mesothelioma caused by his asbestos exposures.[11]

---

[2]    R. Doc. 170-2 at 40 (2020 Krutz Deposition at 40:2-4).
[3]    *Id.* at 46 (2020 Krutz Deposition at 46:10-15).
[4]    *Id.* at 17-18 (2020 Krutz Deposition at 17:21-18:6).
[5]    *Id.* at 23 (2020 Krutz Deposition at 23:2-12).
[6]    *Id.* at 20 (2020 Krutz Deposition at 20:15-18).
[7]    R. Doc. 1 ¶ 3.
[8]    R. Doc. 1-2.
[9]    *Id.* ¶ 7.
[10]   R. Doc. 1.
[11]   R. Doc. 138 at 2.

On January 21, 2021, plaintiffs, Theresa Poche and Julie Bilich, Krutz's daughters, filed an amended complaint re-alleging Krutz's claims, and asserting an additional claim for wrongful death under Louisiana law.[12] On June 8, 2021, plaintiffs' survival action against Amchem was dismissed without prejudice.[13] Now, Amchem moves for summary judgment on plaintiffs' remaining claim of wrongful death. Plaintiffs do not oppose the motion. The Court considers the motion below.

## II.    LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are

---

[12]    *Id.*
[13]    R. Doc. 160.

3

drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322 (emphasis added))).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Federal Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50

F.3d 360, 362 n.3 (5th Cir. 1995). When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)). Still, if the moving party fails to meet its burden, the Court must deny the motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

### III. DISCUSSION

To succeed on their claim against Amchem under Louisiana law, plaintiffs must show that (1) Krutz's exposure to defendant's asbestos products was significant, and (2) the exposure caused or was a substantial factor in bringing about his disease. *Robertson v. Doug Ashy Bldg. Materials, Inc.*, 77 So.3d 360, 372 (La. App. 1 Cir. 2011), *writ denied*, 77 So.3d 973 (La. 2012); *see also Rando v. Anco Insulations Inc.*, 16 So.3d 1065, 1088, 1091 (La. 2009) ("To prevail in an asbestos case a plaintiff must show . . . he had significant exposure to the product complained of to the extent that it was a substantial factor in bringing about his injury.").

Defendant contends that the evidence in the record is insufficient to create an issue of material fact that Krutz was exposed to any of Amchem's asbestos products, let alone that the exposure was "significant." *Rando*, 16

So.3d at 1088. Defendant submitted an affidavit by Robert E. Sage,[14] who worked as a chemist and subsequently a plant manager at Amchem between 1959 and 1976.[15] Sage attests that Amchem sold non-friable, pre-mixed adhesives, sealants, coating, and mastic products.[16] According to Sage, all of Amchem's products were sold and applied wet—with "viscosities or consistency that ranged from thick latex paint to honey, glue or event paste."[17]

Sage further attests that in Amchem products containing asbestos, the asbestos was "encapsulate and bound within the product by various binders, resins, asphalt, or plasticizers."[18] Amchem argues that because its products were non-friable, "neither the application nor use" of its products "could cause respirable asbestos fiber to be released in sufficient quantities to cause a health hazard."[19] In support of its assertion that Amchem products were unlikely to cause dangerous exposure to asbestos fibers, Amchem identifies a United States Environmental Protection Agency ("EPA") regulation exempting products "encapsulated with a bituminous or resinous binder"

---

14   R. Doc. 170-3.
15   *Id.* ¶¶ 2-3.
16   *Id.* ¶ 4.
17   *Id.*
18   *Id.* ¶ 6.
19   R. Doc. 170-1 at 3.

7

from prohibitions on spraying asbestos products. 40 C.F.R. § 61.22(e)(3) (1978). Amchem also cites to an Occupational Safety and Health Administration (OSHA) rule stating that "finished products which effectively entrap asbestos fibers in the normal use of the product" do not need warning labels because "words such as 'danger' and 'cancer' are unwarrantedly alarming." *Standard for Exposure to Asbestos Dust*, 37 Fed. Reg. 11318-11320) (June 7, 1972).

Krutz was deposed three separate times[20] regarding his work in the electrical department at Avondale Shipyard. He never testified that he worked with Amchem's products,[21] or even the sort of wet products that Amchem manufactured.[22] Specifically, he testified that he did not remember seeing the insulators use any type of glue or mastic product around the insulation piping.[23] Throughout his deposition testimony, Krutz attributes his asbestos exposure to various "insulation products."[24] When asked to

---

[20] Krutz was deposed on August 31, 2006, R. Doc. 170-4, April 22, 2013, R. Doc. 170-5, and February 6, 2020, R. Doc. 170-2.
[21] R. Doc. 170-5 at 203-04 (2013 Krutz Deposition at 203:24-204:9).
[22] R. Doc. 170-2 at 71 (2020 Krutz Deposition at 71:12-17).
[23] *Id.*
[24] *Id.* at 18 (2020 Krutz Deposition at 18: 7-13); *id.* at 19-20 (2020 Krutz Deposition at 19:22-20:18).

8

describe the asbestos containing substance, he stated that the workers called it "snow" because it looked like "little white flakes drifting down."[25]

In response to defendant's motion, plaintiffs have submitted no evidence that Krutz was exposed to Amchem's products, let alone to Amchem's products that contained asbestos. Plaintiffs have therefore failed to create an issue of material fact as to whether Krutz's exposure to Amchem's products was "significant." *Id.*

Defendant's further contend that the record is insufficient to create an issue of material fact that any exposure to Amchem's products was a "substantial factor in bringing about [Krutz's] injury." *Rando*, 16 So.3d at 1091; *see also id.* ("When multiple causes of injury are present, a defendant's conduct is a cause-in-fact if it is a substantial factor generating plaintiff's harm."). Indeed, plaintiffs' in response offer no evidence or testimony, fact or expert, to show that Amchem's asbestos products were a substantial factor in causing his disease. *Cf. Michel v. Ford Motor Co.*, No. 18-4738, 2019 WL 118007, at *3 (E.D. La. Jan. 7, 2019) ("On the issue of causation, plaintiffs will present expert testimony that exposure to these products was a substantial causative factor in [plaintiff's] mesothelioma."). Instead, Krutz's expert pathologist, Dr. Brent Staggs, testified that he had no opinion about

---

[25]     *Id.* at 19 (2020 Krutz Deposition 19:3-8).

9

Krutz's exposure to asbestos fiber released from mastics or adhesives.[26] The Court thus finds that plaintiffs have failed to create an issue of material fact on whether Amchem's asbestos products caused Krutz's injury. Accordingly, the Court must grant Amchem's motion for summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment. Plaintiffs' wrongful claims against defendant Amchem are DISMISSED.

New Orleans, Louisiana, this __28th__ day of September, 2021.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[26]  R. Doc. 170-6 at 3-4 (Staggs Deposition at 88:23-89:2).